REISENBERG et al. v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. December 7, 1904.)

1. DAMAGES—EVIDENCE—SUFFICIENCY.

Where, in action for damages to a wagon injured in a collision with a street car, a repairer of wagons testified that he had repaired the wagon about five months prior to the accident, and that it was worth at that time $200, that it would cost $200 to repair it, and plaintiff's driver testified that it was in good condition before the accident, the evidence supported a verdict for $125 damages.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Adolph Reisenberg and another against the New York City Railway Company. From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and GILDERSLEEVE, JJ.

Henry W. Goddard and William E. Weaver, for appellant.

Leventritt & Brennan, for respondents.

PER CURIAM. A wagon belonging to the plaintiffs sustained injuries from coming in collision with one of the cars of the defendant company. The plaintiffs brought this action, and alleged that the collision was due to the defendant's negligence. Upon a trial without a jury, the trial justice awarded plaintiffs $125 damages. The judgment herein against the defendant, with costs, is $142. The defendant appeals.

The judgment is challenged upon one ground only, viz., the insufficiency of the evidence on the question of damages. It is the claim of the appellant that there was no competent testimony before the court upon which to base an estimate of damage. The defendant called no witnesses on the question of damages. One Schildwachter, in the business of repairing wagons for many years, put the wagon in order about five months prior to the accident, and he testified that at that time it was worth $200, that he examined it carefully after the accident, and that it would cost $200 to repair it. The plaintiffs' driver testified that the wagon was in good condition before the accident. We think the evidence is sufficient to support the judgment.

Judgment is affirmed, with costs to the respondents.